**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SANTANA JAMES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO: 8:16-cv-818-T-30TBM
Crim. Case No: 8:13-cr-416-T-30TBM

# ORDER

THIS CAUSE comes before the Court upon Petitioner Santana James's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) filed on April 4, 2016. The government filed a response (CV Doc. 3), to which James replied (CV Doc. 8). After carefully considering these filings, the court concludes this motion should be summarily denied without an evidentiary hearing because it plainly appears from the filings and the record that the Petitioner is not entitled relief. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

## BACKGROUND

Santana James ("Petitioner") was indicted on August 27, 2013 on two criminal counts: Count I, conspiring with four co-defendants and other persons to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(C); and

Count II, knowingly and intentionally possessing with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii). (CR. Doc. 15).

A jury trial was held on March 31, 2014. The jury returned a guilty verdict on both counts, finding the amount of cocaine involved in count one to be five hundred grams or more but less than five kilograms, and the amount in count two to be less than five hundred grams. Petitioner was sentenced to a term of imprisonment of seventy-eight (78) months on each count with the terms running concurrently. Defendant was also sentenced to four years of supervised release.

Petitioner appealed all orders denying trial motions, the final judgment of guilt, and the sentence imposed. Petitioner contended the government failed to establish that the Middle District of Florida was a proper venue, that the evidence at trial was insufficient to sustain her convictions, and that the jury's verdict went against the greater weight of the evidence. On September 3, 2015, the Eleventh Circuit affirmed the Petitioner's conviction and sentence (CR Doc. 261). On November 17, 2015, the United States Supreme Court denied certiorari.

In her timely motion, Petitioner lists eight grounds on which she claims her constitutional rights were violated through ineffective assistance of counsel:

1. trial counsel failed to identify appropriate prejudicial hearsay and to object to that hearsay;

2. trial counsel failed to challenge Petitioner's initial arrest and detention;

3. trial counsel failed to move to suppress the "wiretap" and "phone records" and other things related to a controlled call that occurred during the criminal investigation;

4. trial counsel failed to have an investigator testify that the controlled call recording had been tampered with;

5. trial counsel failed to investigate crimes committed by a government witness while the witness was incarcerated;

6. trial counsel failed to call a witness who would testify that a government witness was planning to testify falsely;

7. trial counsel incorrectly challenged errors in her PSR, "failed to identify the proper citation to authority," and failed to properly object to the government's calculation; and

8. appellate counsel failed to raise the most appropriate arguments.

The Court will address each of these claims in order.

## **DISCUSSION**

Ineffective-assistance-of-counsel claims are cognizable under § 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (per curiam). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

> errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.") (internal quotation marks omitted). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Thus, Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**Claim One**

Petitioner first argues that her trial counsel failed to "identify to appropriate prejudicial hearsay and object." (CV Doc. 1). In support of this assertion, Petitioner directs

4

attention to her "Memorandum in Support of § 2255." But her Memorandum does not address the specific prejudicial hearsay to which counsel allegedly failed to object. Instead, Petitioner repeatedly cites case law regarding a defendant's right to assert a claim of ineffective assistance of counsel, but does not identify a specific hearsay objection her counsel failed to make. Petitioner has therefore failed to show either deficiency or prejudice in claim one. *See Strickland*, 466 U.S. at 691-694.

**Claim Two**

Petitioner claims she was illegally detained before trial and her trial counsel violated her Sixth Amendment right by failing to challenge the detention. In her claim for relief, Petitioner argues that the hold on her detention was for an expired visa and that her counsel should have challenged the use of her expired visa as the basis for her detention. (It appears from the record that Petitioner's visa does not expire until 2023.)

This claim fails because Petitioner has not shown prejudice. She has not shown how her release would have affected the result of the trial, and in any event the Court notes that Petitioner was subject to a rebuttable presumption of detention based on her charges. *See* 18 U.S.C. § 3142 (e)(3)(A).

**Claim Three**

Petitioner further claims her trial counsel failed to file and argue a motion to suppress the wiretap and phone records. Petitioner asserts that there was no probable cause for the wiretap and phone records and claims that her counsel failed to review the legal standards and challenge them via a suppression hearing. As the record reflects, the investigation into Petitioner involved a controlled phone call, not a wiretap. (CR. Doc.

236). The evidence at issue in claim three was the result of this recorded phone call between a government cooperator and Petitioner.

Petitioner argues that her trial counsel should have challenged the phone call via a suppression hearing because the witness's words were "chosen ambiguously, and could have meant any number of topics." Petitioner fails to show how this perceived ambiguity could provide the basis for suppressing that evidence. Petitioner has thus failed to show that her counsel was deficient for declining to move for the suppression of this evidence.

**Claim Four**

Petitioner argues that her counsel was ineffective for failing to call a witness who would have testified that the recording of the controlled phone call had been tampered with. But she offers no evidence in support.

Petitioner claims her counsel should have called his investigator as a witness because, had he testified, he would have stated that the forensic examination of the phone recording had been tampered with or manipulated. But Petitioner makes these conclusory statements without any evidentiary support. Additionally, in an affidavit, Petitioner's counsel states that his investigator had "no basis to conclude that the audio tape of the phone conversation had been tampered." (CV Doc. 1, Exhibit A at 2). Petitioner does not dispute this fact. Since Petitioner has shown neither deficiency nor prejudice, this claim fails.

**Claim Five**

Petitioner next claims that her counsel failed to investigate a potential fraud committed by a government witness. Petitioner asserts that the fraud took place at the

Pinellas County Jail and that her counsel should have called his investigator to testify to the fraud and the credibility of the witness. Petitioner claims that, had the investigator testified, he would have testified about the conduct of the witness in custody and the reliability of that witness. Petitioner's conclusory statement about what the investigator would testify to is not supported by any evidence. Additionally, Petitioner's counsel asserts that neither the investigator nor the prosecutor ever revealed or confirmed that the witness committed any sort of fraud while incarcerated. (CV Doc. 3, Ex. A at 2-3). Petitioner has not shown a deficiency in claim five.

**Claim Six**

Petitioner claims that her trial counsel failed to call a witness who was going to testify that a government witness intended to offer false testimony. She does not specify whether the government witness actually testified or show how she was prejudiced by this testimony.

According to her counsel's affidavit, Petitioner's counsel contacted the potential witness's defense counsel, who stated that the witness would not testify on Petitioner's behalf. (CV Doc. 3, Exhibit A at 2). Trial counsel took the appropriate steps toward investigating the potential witness and found that the potential witness was uncooperative and unwilling to testify. (CV Doc. 3, Exhibit A at 2). These actions were not deficient.

**Claim Seven**

Petitioner claims that her trial counsel was deficient during her sentencing by incorrectly challenging errors in the Presentence Report, failing to identify proper citation to authority, and failing to object to the government's calculation. Petitioner does not

identify a specific fact or item her counsel failed to challenge in the Presentence Report. (CV Doc. 1).

Petitioner is incorrect in her assertion that her counsel failed to object to the government's calculations. As the record reflects, counsel objected to the base offense level of the cocaine in the Presentence Report and argued at the sentencing hearing that Petitioner should be held accountable for an amount less than five (5) kilograms of cocaine. The objection was sustained and the Court sentenced the Petitioner for an amount of cocaine less than five (5) kilograms. (CR Doc. 234, p. 5, 14).

Regarding other objections she wishes her counsel had made to the government's calculation at sentencing, Petitioner's claim is unclear. She argues that the Court should not have taken into account any act committed by co-conspirators because the acts could not have been foreseeable to Petitioner. She argues that she did not know all of the people associated with two government witnesses and that her actions should not be associated with their actions. This argument is contrary to the law on relevant conduct, and it is directly contrary to the jury instruction on conspiracy. This claim fails as a matter of law.

**Claim Eight**

Lastly, Petitioner claims she was denied effective assistance of counsel on her appeal. Petitioner states:

> "[t]he Petitioner presented Appellate Counsel, information concerning their dispute with the Jury instruction specifically the raising of a mitigating role adjustment at sentencing, a jury instruction on the weight, testimony of any forensics at the trial. Instead, counsel raised a poor venue and jurisdiction issue."

(CV Doc. 1 at 32).

8

Petitioner's claim is too broad and vague for the Court to identify a particular argument. It appears that the claim conflates separate issues: a jury instruction and sentencing considerations (like a mitigating role adjustment). If this claim concerns her sentencing lawyer's ineffective assistance, this is not an issue that can be raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500 (2003) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). The appellate lawyer cannot be ineffective for not raising it.

Further, Petitioner does not make any reference to a specific jury instruction she claims should have been given. If her concerns about the "weight" have to do with the jury being instructed to make findings on the weight of the cocaine, she is factually incorrect. The jury did make specific finds on the weight. (CR. Doc. 148). Petitioner has not shown deficient performance or prejudice.

For these reasons, it is **ORDERED AND ADJUDGED** that:

1. Petitioner Santana James's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DENIED.

2. The Clerk is to terminate any pending motions and close this case.

3. The Clerk is further directed to terminate from pending status the motion to vacate found at Doc. 271 in the underlying criminal case, case number 8:13-cr-416-T-30TBM.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 27th day of September, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record